UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

**ELIZABETH FLIEGER, individually and**
on behalf of all others similarly situated,

**Plaintiff,**

v.

**VOLKSWAGEN GROUP OF AMERICA, INC.,**
A New Jersey Corporation,

**Defendant.**                                             Case No. 15-cv-1177-DRH-PMF

<u>ORDER</u>

**HERNDON, District Judge:**

Now before the Court is Defendant Volkswagen Group of America, Inc.'s motion to stay proceedings in this case before this Court until the MDL panel issues a decision on whether to consolidate the Volkswagen "Clean Diesel" emissions cases (Doc. 11). For the reasons stated below, the motion is **GRANTED**.

The Court is unaware, at this point in time, whether the defendant has been the subject of a court ordered litigation hold in any of the myriad of cases filed around the country relative to the issues brought before the Court in the complaint filed in this case (Doc. 1). Regardless of whether that is the current state of the record in one, more or no jurisdictions, or a matter in which the parties have simply relied upon the common law for guidance, this Court hereby places a corporate-wide litigation hold on all documents, electronically stored information, computers (including desktops, laptops, tablets, personal digital

assistants and any and all computers of any description), custodial files, cell phones (on which the option to save texts and emails should be engaged).

Further, to the extent that independent contractors have the same type of items as heretofore referred and the defendant has the contractual ability to control these items and information, it shall direct that holds be placed on the above described items. The hold is limited to matters which are relevant to the allegations in the complaint. The intent of the hold is to be broad based, not narrow in scope, and questions of interpretation shall be addressed to the Court, not self-determination. To the extent that other litigation holds by other courts are broader than this hold, such holds shall prevail over this hold.  To the extent that the defendant knows of information, documents or data sources not specified in this hold, which the common law would require be the subject of a litigation hold, defendant shall subject it to a hold.

As for the plaintiff, a litigation hold of a similar nature is hereby placed on her.  Although, it is unlikely that plaintiff has information in similar formats, to the extent that plaintiff has any stored information, paper records, digital records, repair records of any kind, emails, sales records, or any records that are relevant to repairs, relevant changes, damages or any other relevant information regarding the subject matter vehicle(s), it remains the subject of the litigation hold placed on the plaintiff. These holds will remain in effect until this order is superseded by further order of this Court or a transferee Court.

In light of the clear indication that this action will be assigned for consolidation in a MDL transfer, discovery is **STAYED** pending an order from the Judicial Panel on Multidistrict Litigation (Panel).  Once the Panel acts, either by transferring this action or denying consolidation, this stay automatically terminates on the date of such order of the Panel.

**IT IS SO ORDERED.**

Signed this 18th day of November, 2015.

Digitally signed by Judge David R. Herndon
Date: 2015.11.18 12:32:28 -06'00'

**United States District Judge**